IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1998

FILED

August 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9708-CR-00309 |
| | ) | |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. W. FRED AXLEY, JUDGE |
| BRIAN J. HUNTER, | ) | |
| | ) | |
| Appellant. | ) | (INTERLOCUTORY APPEAL) |

FOR THE APPELLANT:

**W. MARK WARD**
201 Poplar Avenue, Suite 2-01
Memphis, TN 38103

**GARLAND ERGUDEN**
242 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN W. PIEROTTI**
District Attorney General

**JOHNNY R. McFARLAND**
Assistant District Attorney General
Criminal Justice Center, Suite 301
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Appellant, Brian J. Hunter, appeals by permission pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Appellant was indicted for second degree murder and was tried by a jury in the Shelby County Criminal Court. At the end of the State's proof, the Appellant moved for a judgment of acquittal which was overruled by the trial court. Following the conclusion of the evidence, the trial court, over the objection of Appellant, charged the jury on the lesser grade offense of voluntary manslaughter. The State did not request the trial court to charge the lesser grade offense of voluntary manslaughter. The jury was ultimately unable to reach a verdict. When polled, the jury stated that they found Appellant not guilty of second degree murder, but were unable to reach a verdict as to whether he was guilty of voluntary manslaughter. The trial court declared a mistrial on the voluntary manslaughter charge.

The State was prepared to retry Appellant on the voluntary manslaughter charge, however, Appellant filed a Motion to Dismiss the indictment. Appellant argued the following three issues in his Motion to Dismiss: (1) the trial court erred in charging voluntary manslaughter; (2) the trial court erred in charging a lesser grade offense since Appellant waived the right to charge lesser grade offenses; and (3) a re-trial on the lesser grade offense of voluntary manslaughter would constitute double jeopardy. After taking Appellant's motion under advisement, the trial court, in a written order with findings of fact and conclusions of law, denied the motion.

Appellant subsequently filed a Motion to Reconsider Dismissal Based on Double Jeopardy and/or Motion for Interlocutory Appeal. After taking that motion

under advisement, the trial court denied Appellant's Motion to Reconsider Dismissal but granted Appellants's Motion for Interlocutory Appeal. This Court subsequently granted Appellant's application for an interlocutory appeal by order entered September 16, 1997.

In Appellant's Designation as to Appellate Record, Appellant states that "the only issue to be raised on appeal is whether double jeopardy prevents the retrial of the [Appellant] for the lesser [grade] offense of voluntary manslaughter." However, Appellant goes on to say that "[i]ncident to this inquiry, [Appellant] will challenge the sufficiency of the evidence presented at the first trial to support voluntary manslaughter and whether the trial judge was obligated to and erred in instructing the jury as to voluntary manslaughter."

An appeal is appropriate under Rule 9 of the Tennessee Rules of Appellate Procedure if the appellant will suffer "irreparable injury," if there will otherwise be "needless, expensive and protracted litigation," and if there is a "need to develop a uniform body of law." Although permission to appeal was granted by this Court pursuant to Rule 9, we are of the opinion that it was improvidently granted in part. After reviewing the issues presented by Appellant, we will not address the issue pertaining to the trial court charging the lesser grade offense of voluntary manslaughter. Issues relating solely to prior proceedings such as evidentiary rulings, jury charges, and arguments by counsel, are generally not appropriate for appellate review under Rule 9. Since there is no conviction for voluntary manslaughter in the instant case, Appellant cannot appeal this type issue by way of interlocutory appeal. In other words, the trial court's charge on voluntary

manslaughter is not presently an issue in the pending case before us, and we therefore decline to address it.

As to the sufficiency of the evidence of the voluntary manslaughter charge, we find that the evidence was not insufficient as a matter of law to support a conviction for voluntary manslaughter. We will briefly summarize the facts in this case for the purposes of our review. The Appellant and the victim, Bill Herrington, were neighbors in an East Memphis apartment complex. On September 14, 1994, Ford Beach was living with the Appellant, and Beach arrived at the apartment between 5:00 and 5:30 p.m. Herrington, Appellant, and another friend, Steve Fortini, were already there drinking and talking. Late that afternoon, there was a scuffle between Herrington and the Appellant in the kitchen. Herrington and the Appellant then visited Herrington's apartment and again became involved in a heated argument, during which Herrington's wife told Appellant to go home after their pushing and shoving caused wine to be spilled.

That same evening, after Herrington had eaten dinner and taken a nap, he returned to the Appellant's apartment after Beach had gone to sleep on the couch. Upon entering the apartment, Herrington told Beach that he wanted to "straighten things out" with the Appellant. Appellant and Herrington went back into the Appellant's bedroom so that Beach could sleep. Beach heard nothing further from the bedroom until he was awakened by the "click, clock" noise of an automatic pistol being "racked." Beach heard three shots in rapid succession as he ran out of the apartment.

Appellant described Herrington that evening as "hostile and irate," angry that Appellant had possibly told a secret entrusted to him by Herrington and angry regarding Appellant's lack of concern over his medical condition. During their discussion in the bedroom, Appellant excused himself to use the bathroom. When he returned, he saw Herrington holding a Beretta which Appellant kept underneath his bed. While the gun was aimed away from the Appellant, Herrington was describing his "perfect plan" to kill the Appellant. Herrington stuck the gun against Appellant's ear and threatened his life. After Appellant begged for his life, Herrington dropped the gun into Appellant's lap and leaned back against the bed. When Appellant tried to put the gun away on top of the desk, Herrington said, "Someone is going to die tonight," and a struggle ensued. Three shots were fired in succession during this struggle, then the Appellant ran to call 911 and stayed there until the police arrived.

Voluntary manslaughter is the unlawful and intentional or knowing killing of a victim as a result of a state of passion produced by adequate provocation. Tenn. Code Ann. § 39-13-211. It is clear from the evidence presented that a rational trier of fact could have found Appellant guilty of voluntary manslaughter. As a side note, it can then be said that the trial court did not err by charging voluntary manslaughter.

We will now address the merits of whether double jeopardy prohibits retrial for voluntary manslaughter when the jury acquitted the Appellant of second degree murder. Over objection by Appellant's trial counsel, the trial court charged the jury on voluntary manslaughter in addition to second degree murder. While the trial court stated upon the record he believed the Appellant to be guilty of murder in the second degree or nothing else, he held that State v. Summerall, 926 S.W.2d 272, 278-79

(Tenn. Crim. App. 1995), required the trial court to instruct the jury on the charge of voluntary manslaughter based upon the evidence. Appellant argues that by virtue of the jury's verdict of not guilty as to second degree murder, the jury rejected at least one of the essential elements necessary to support a finding of guilt as to voluntary manslaughter.

Second degree murder is the unlawful and knowing killing of the victim. Tenn. Code Ann. § 39-13-210. As mentioned previously, voluntary manslaughter is the unlawful and intentional or knowing killing of a victim as a result of a state of passion produced by adequate provocation. Tenn. Code Ann. § 39-13-211. Appellant argues that the case of Whitwell v. State, 520 S.W.2d 338 (Tenn. 1975) is controlling. In Whitwell, the defendants were indicted and tried for the grand larceny of cattle and receiving and concealing stolen property. Defendants were acquitted by the jury of grand larceny and the jury expressly determined that the defendants did not know that they were stealing the cattle. The jury was unable to reach a verdict on the charges of receiving and concealing stolen property or the lesser charges of petit larceny. A mistrial was declared by the trial court. The defendants appealed on the basis that the jury's verdict nullified the criminal intent element essential for their conviction and, therefore, double jeopardy principles would be violated if they were retried. The Tennessee Supreme Court held that "the jury's finding a lack of intent to steal clearly exonerates defendants of an essential element of petit larceny," and remanded the case to the trial court to dismiss all charges. Id. at 344.

Appellant's case differs from that of Whitwell in that the only difference in the elements of the offenses of grand and petit larceny at that time was the monetary

amount of property taken by the defendants.  There is not a separate element as there is in the case sub judice.  As the State correctly points out in its brief, the jury could have found that both elements of second degree murder were met and still acquit of second degree murder, so long as the jury found the Appellant acted in a state of passion produced by adequate provocation.  This additional element of passion produced by adequate provocation reduces second degree murder to voluntary manslaughter, even though all elements of second degree murder have been met.  Also, Appellant justified his actions as self-defense at trial. Self-defense implies Appellant had at least a "knowing" mental state in order to commit a killing of another human being. The verdict of acquittal as to second degree murder in this case does not mandate a finding that the jury determined the element of a "knowing" killing to be absent.

A more recent case distinguishes Whitwell and holds that "the double jeopardy clauses of the state and federal constitutions do not preclude retrial of a defendant after a mistrial was declared at an earlier trial because the jury could not reach a verdict on defendant's guilt of lesser offenses included in the crime for which he was indicted." State v. Seagroves, 691 S.W.2d 537, 541 (Tenn. 1985).  The court pointed out in Seagroves that the defendant in Whitwell was either guilty of the greater offense of no offense at all.  Such is not the true in the case sub judice. Accordingly, we find no violation of Appellant's constitutional rights against double jeopardy.

We affirm the judgment of the trial court.

_____

-7-

                                    THOMAS T. WOODALL, Judge

                                    -8-


CONCUR:


_____
JOHN H. PEAY, Judge


_____
DAVID G. HAYES, Judge